UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>LETTER FROM ALEXANDER )<br>HAMILTON TO THE MARQUIS DE )<br>LAFAYETTE DATED JULY 21, 1780 )<br>    Defendant. ) | Civil No. 19-11121 |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), alleges, upon information and belief, that:

### I. NATURE OF THE ACTION

1. This action is brought by the United States of America seeking forfeiture of all right, title and interest in a Letter from Alexander Hamilton to the Marquis De Lafayette dated July 21, 1780 (the "Defendant *in rem*" or the "Letter"), which was illegally removed from the Commonwealth of Massachusetts Archives. The Defendant *in rem* is located in a frame. On the back of the frame is a typed transliteration of the Letter's contents. Photographs of the Defendant *in rem* are attached as Exhibit A. The Defendant *in rem* is currently in the possession of Federal Bureau of Investigation ("FBI") in Boston, Massachusetts.

2. The Defendant *in rem* is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because there is probable cause to believe that the Defendant *in rem* is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2314 and/or 18 U.S.C. § 2315.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper under 28 U.S.C. § 1395 because the Defendant *in rem* is located in the District of Massachusetts.

### III. FACTUAL BACKGROUND

#### A. Theft from the Commonwealth of Massachusetts Archives

5. The Defendant *in rem*, along with many other historic documents, were stolen from the Commonwealth of Massachusetts' Archives ("Massachusetts Archives" or "Archives") between 1937 and 1945 by a former employee of the Archives. The Massachusetts Archives resides within the Office of the Secretary of the Commonwealth and is part of state government.

6. The theft, which also involved original papers of George Washington, Benjamin Franklin, Paul Revere, and Benedict Arnold, among others, was not discovered for several years.

7. The Massachusetts Archives has several indices, created before the theft, that identify the Defendant *in rem* as property contained within the Archives' collection, including a handwritten chronological index from the Massachusetts Archives prepared in the late 19th century. The 19th century index lists, in chronological order, the "Letters from parties under named to the Council (etc.)."[1] The Defendant *in rem* is identified therein as document 382 in volume 202 of the Archives' collection. The Defendant *in rem* is also included on a name and a subject index, taken from the volume of which the Letter was a part (Mass. Archives Collection, Vol. 202, p. 382).

8. Years before the theft, in the 1920s, the Massachusetts Archives made a Photostat copy of the Letter. A copy of the Massachusetts Archives' Photostat of the Letter is attached as <u>Exhibit B</u>.

9. The former archive employee, who was arrested in 1950, sold the stolen documents to dealers in rare books and documents throughout the United States. On February 27, 1950, the then-Attorney General of the Commonwealth of Massachusetts sent a letter to leading dealers in rare books

---

[1] The Massachusetts Archives only has a Photostat of this handwritten index because the former employee also stole pages of the index.

2

and documents advising them of the theft, in an effort to recover the documents and to gather evidence.

10. The Massachusetts Archives' Photostat copy of the Letter shows the Letter as having the reference number 382 on it, reflecting its location in the Archives' collection.

11. The Defendant *in rem* does not appear to contain the reference number 382, although it has not been removed from its frame. The Massachusetts Archives reports that other documents stolen by the former employee, and later recovered, had their reference numbers removed or razored off in an attempt to obscure any identifying tags from the original document. Archive personnel surmise that the reference number 382 could have been removed from the Defendant *in rem* for this purpose.

12. Information about the Letter is available on the publicly-accessible website, Founders.com. The website is a collaboration between the National Archives and The University of Virginia Press to "make freely available online the historical documents of the Founders of the United States of America." Founders.com is often used to confirm the authenticity and provenance of the papers of the Founding Fathers. The text of the Letter is reproduced on that website at https://founders.archives.gov/documents/Hamilton/01-02-02-0775, where it is also noted that the Letter is "missing" from the Massachusetts Archives.

13. Since at least 1920, before the time of the theft, Massachusetts law has provided that the Commonwealth is charged with preserving and safely keeping all original documents dated before 1870 in its possession. Mass. Gen. L. c. 66, § 8; *see also* Mass. Acts and Resolves, St. 1920, c. 2 and St. 1943, c. 128. Thus, Massachusetts law regarding public records prohibits the lawful removal or alienation of such documents from the Commonwealth's custody, and, as a result, only the Commonwealth can lawfully own original documents from its collection dated before 1870, including, but not limited to, the Defendant *in rem*.

### B. The Proposed Sale of the Letter

14. On or about November 15, 2018, an auction house located in Alexandria, Virginia received the Defendant *in rem* from a family in South Carolina that wished to consign the Letter for sale, along with other documents. The Defendant *in rem* was transported by a moving company from South Carolina to Virginia.

15. The auction house had the Defendant *in rem* valued at an auction estimate of $25,000 to $35,000.

16. A researcher at the auction house located a copy of the Defendant *in rem* on the Founders.com website, and noted that the Letter was listed as "missing" from the Massachusetts Archives. The auction house contacted the Archives, and the Archives confirmed that the letter had been stolen from its collection in or around the 1940s and supplied documentation about the theft. Thereafter, the auction house contacted the FBI.

17. The family from South Carolina that consigned the Defendant *in rem* believes that a relative, who was a document collector and who is now deceased, obtained the Letter from Elmer Heise, who is believed to have been a rare book and document dealer in Syracuse, New York, in the 1940s. When the relative died, his collection, including the Defendant *in rem*, was divided among his children. As of the date of this verified complaint, the United States has no knowledge of any documentation regarding their relative's acquisition of the Defendant *in rem*.

### IV. CLAIM FOR FORFEITURE

18. The allegations contained in paragraphs 1 through 17 are incorporated herein.

19. Title 18, United States Code, Section 2314, provides in pertinent part that "[w]hoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, the value of $5,000 of more, knowing the same to have been stolen, converted or taken by fraud," shall be subject to criminal penalties.

20. Title 18, United States Code, Section 2315, provides in pertinent part that "[w]hoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more ... which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken," shall be subject to criminal penalties.

21. Pursuant to 18 U.S.C. § 981(a)(1)(C), "any property, real or personal, which constitutes or is derived from proceeds traceable," to a violation of 18 U.S.C. §§ 2314 and/or 2315 is subject to forfeiture to the United States. Both 18 U.S.C. §§ 2314 and 2315 are forfeiture predicates through 18 U.S.C. § 981(a)(1)(C), which, by reference, incorporates offenses listed in 18 U.S.C. § 1961(1), including 18 U.S.C. §§ 2314 and 2315.

22. The Defendant *in rem* is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because there is probable cause to believe that the Defendant *in rem* is property, real or personal, which constitutes or is derived from a violation of 18 U.S.C. § 2314 and/or 18 U.S.C. § 2315.

WHEREFORE, the United States of America respectfully requests:

1. That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshals Service for the District of Massachusetts, commanding it to retain custody of the Defendant *in rem* and to give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

2. That judgment of forfeiture be decreed against the Defendant *in rem*;

3. That thereafter, the Defendant *in rem* be disposed of according to law; and

4. For costs and all other relief to which the United States may be entitled.

                        Respectfully submitted,

                        ANDREW E. LELLING,
                        United States Attorney,

By:   */s/ Carol E. Head*
       CAROL E. HEAD, BBO No. 652170
       Assistant United States Attorney
       United States Attorney's Office
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100
       carol.head@usdoj.gov

May 15, 2019

## VERIFICATION

I, Marc D. Hess, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof; and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are official records and files of the FBI, and information and documents obtained and/or reviewed by deponent during an investigation of alleged violations of 18 U.S.C. §§ 2314 and 2315.

_____
Marc D. Hess
Special Agent
Federal Bureau of Investigation

Dated: May 14, 2019

Jurat

__Suffolk__, ss.              __Boston__, Massachusetts

On this 14th day of May, 2019, before me, __Marc D. Hess__, the undersigned notary public, personally appeared Marc D. Hess, Special Agent with the Federal Bureau of Investigation, proved to me through satisfactory evidence of identity, which was __Virginia Driver's License__, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Karen T. Back
Notary Public

My commission expires: 7/19/2024

KAREN T BACK
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
July 19, 2024