UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| LETTER FROM ALEXANDER HAMILTON TO THE MARQUIS DE LAFAYETTE DATED JULY 21, 1780, | ) ) ) ) ) | C.A. No. 1:19-cv-11121 |
| Defendant. | ) ) ) | |

**VERIFIED CLAIM BY THE COMMONWEALTH OF MASSACHUSETTS**

The Commonwealth of Massachusetts hereby submits a claim pursuant to Supp. R. G(5)(a) to assert its interest in the Defendant *in rem* in this case, a Letter from Alexander Hamilton to the Marquis de Lafayette dated July 21, 1780 (Asset ID#: 19-FBI-001709). Photographs of the Defendant *in rem* have been attached as Exhibit A to the Verified Complaint of the United States of America. The Defendant *in rem* is currently in the possession of the Federal Bureau of Investigation in Boston, Massachusetts.

**IDENTITY OF THE CLAIMANT**

1. This claim is submitted on behalf of the Commonwealth of Massachusetts, acting by and through the Massachusetts Archives, a division of the Office of the Secretary of the Commonwealth (hereinafter the "Archives"), which has a business address of One Ashburton Place, Room 1719, Boston, MA 02108.

2. The Archives is statutorily charged with preserving, managing, and making accessible the records of the Commonwealth in its possession. *See* G.L. c. 9, § 2.

1

## CLAIMANT'S INTEREST IN THE PROPERTY

3. The Defendant *in rem*, a letter from Alexander Hamilton to the Marquis de Lafayette dated July 21, 1780, is a well-documented part of the collection of the Archives.

4. The Defendant *in rem* was initially sent to the Massachusetts Council by General William Heath as an enclosure with his letter dated July 25, 1780 discussing military strategy during the Revolutionary War. *See* Exhibit 2. The Council's records from July 26, 1780 note the receipt of General Heath's letter along with the Defendant *in rem*. Based on the information supplied by General Heath's letter, including the information outlined in the Defendant *in rem*, the Council discussed moving the militia in response to an expected enemy attack upon Rhode Island. *See* Exhibit 3.

5. As items from a Massachusetts General in the Continental Army directed to the Massachusetts Council, General Heath's correspondence and the enclosed Defendant *in rem* were duly received and retained by an administrative division of the Massachusetts government in the normal course of its recordkeeping.

6. On behalf of the Commonwealth, the Archives succeeded to and maintained possession and ownership of the Defendant *in rem*.

7. The Commonwealth's ownership of the Defendant *in rem* through its Archives is well-supported by historical documentation, including the following documents:

    a. The Defendant *in rem* is listed in a chronological index of items within the Archives Collection that was compiled in the 1880s. *See* Exhibit 4.

    b. The internal table of contents and attendant name index for Volume 202 of the *Massachusetts Archives Collection* (SC1/Series 45x) identifies the Defendant *in rem* as part of the Archives Collection in the mid-19th Century. *See* Exhibits 5 & 6. Indeed,

the internal table of contents the *Massachusetts Archives Collection* specifically references General Heath's letter to the Council and the Defendant *in rem*, stating: "Gen. William Heath to the Council in support of Rochambeau's request with a letter (382) from Alexander Hamilton." *See* Exhibit 5.

    c.    In the 1920s, select volumes of the Archives Collection were chosen for reproduction on the basis of their historical significance and use. A Photostat copy of the Defendant *in rem* was created by the Archives at that time and reproduced and bound within a facsimile of Volume 202. *See* Exhibit 7.

    d.    A transcription of the Defendant *in rem* also appears on the website Founders Online (available at https://founders.archives.gov/documents/Hamilton/01-02-02-0775), a resource created by the National Archives that makes available historical documents of the Founders of the United States of America. *See* Exhibit 8. A footnote to the entry relating to the Defendant *in rem* indicates that this document was missing from the Archives.

8.    The Defendant *in rem* was illegally stolen from the Archives section at the Massachusetts State House by a former employee of the Archives. The theft has been attributed to Harold E. Perry who had been hired by the Archives as a cataloger in 1938. Mr. Perry allegedly stole several rare documents from the Archives Collection at various times between 1938 and 1946, including items signed by George Washington, Benjamin Franklin, Paul Revere, Benedict Arnold, and Peter Stuyvesant. The thefts first came to light in March of 1950. During the ensuing investigation, Mr. Perry admitted having stolen documents from the Archives. Following detection of the thefts, and failed efforts to locate the documents among dealers in New England, then-Massachusetts Attorney General Francis E. Kelly circulated letters about the

document thefts to police departments in New York, Philadelphia, and Chicago. *See* Exhibit 9. Several contemporaneous news articles detail the theft of historical documents from the Archives. *See* Exhibit 10.

9. Massachusetts state law requires that documents in the Commonwealth's possession from the period before 1870 be kept and maintained in the custody of the Commonwealth. This law specifically provides, in pertinent part, that "Every original paper belonging to the files of the commonwealth … bearing date earlier than the year eighteen hundred and seventy … shall be preserved and safely kept." *See* G.L. c. 66, § 8 (attached hereto as Exhibit 1); *see also* Mass. Acts and Resolves, St. 1920, c. 2 and St. 1943, c. 128. Accordingly, state law prohibits the lawful removal or alienation of such documents from the Commonwealth's custody, and as a result, only the Commonwealth can lawfully own original documents from its collection from the period before 1870, including the Defendant *in rem*.

10. The Commonwealth has never recovered all or a portion of its losses from the theft of the Defendant *in rem*, either via an insurance claim and/or via some other source of recovery.

11. A copy of this document will be served on the government attorney designated by the warrant and monition and by Supp. R. G(4)(b)(ii)(D), Assistant United States Attorney Carol E. Head.

12. Based on the foregoing, the Commonwealth submits that it is the sole rightful owner of the Defendant *in rem*. On behalf of the Commonwealth, the Archives has a valid, good faith, and legally recognizable interest in this asset. Accordingly, the Commonwealth submits this claim pursuant to Supp. R. G(5)(a) to assert its interest in the Defendant *in rem* in this case.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS

By its Attorneys

MAURA HEALEY
ATTORNEY GENERAL

By: /s/ Adam Hornstine
Adam Hornstine, BBO# 666296
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 963-2200, Ext. 2048
Adam.Hornstine@mass.gov

Date: August 23, 2019

## CERTIFICATE OF SERVICE

I, Adam Hornstine, Assistant Attorney General, hereby certify that I have this day, August 23, 2019, served the foregoing claim upon all parties by electronically filing to all ECF registered parties and by sending a copy, first class mail, postage prepaid, to all unregistered parties

/s/ Adam Hornstine
Adam Hornstine, Assistant Attorney General

## VERIFICATION

I, Rebecca Murray, attest and declare under penalty of perjury that my claim is not frivolous and the information provided in support of my claim is true and correct to the best of my knowledge and belief.

*Rebecca Murray*
Rebecca Murray

Date: August 22, 2019

On this 22 day of August, 2019, before me, the undersigned notary public, personally appeared Rebecca Murray, and acknowledge under oath, to my satisfaction, that this person: (a) is named in and personally signed the foregoing document; and (b) signed, sealed and delivered the foregoing document as her own personal act and deed.

*Dale Worrell-Thomas*
Notary Public
My Commission Expires:
6-11-2021