UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 19-11121-JGD

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LETTER FROM ALEXANDER HAMILTON TO THE MARQUIS DE LAFAYETTE DATED JULY 21, 1780, | ) ) ) ) |
| Defendant. | ) ) |

**<u>CLAIMANT'S ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*</u>**

Now comes the claimant the Estate of Stewart R. Crane ("Claimant"), by and through counsel, pursuant to Federal Rules of Civil Procedure Rule 8(b)(c) and Rules (C) and (G) Supplemental Rules Maritime and Admiralty Claims and makes answer to the Verified Complaint of the United States of America, dated May 15, 2019 ("Complaint") as follows:

## I. NATURE OF THE CLAIM

1. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and respectfully refers this Court to Exhibit A attached thereto for an accurate recitation of its contents.

2. Claimant denies the allegations contained in Paragraph 2 of the Complaint, and respectfully refers this Court to the cited statutory references for an accurate recitation of their contents.

## II. JURISDICTION AND VENUE

3. Claimant admits the allegations contained in Paragraph 3 of the Complaint.

1

4. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

### III. FACTUAL BACKGROUND

A. **Theft from the Commonwealth of Massachusetts Archives**

5. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and respectfully refers this Court to Exhibit B attached thereto for an accurate recitation of its contents.

9. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and respectfully refers this Court to the website mentioned therein.

13. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and respectfully refers this Court to the cited statutory references for an accurate recitation of their contents.

B. **The Proposed Sale of the Letter**

14. Claimant admits the allegations contained in Paragraph 14 of the Complaint.

15. Claimant denies the allegations contained in Paragraph 15 of the Complaint.

16. Claimant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and respectfully refers this Court to the website mentioned therein.

17. Claimant admits that the Defendant *In Rem* was purchased by R.E. Crane from Mr. Elmer Heise, and, upon Mr. Crane's death, went to his heirs, but has insufficient knowledge or information as to the truth of the remaining allegations in Paragraph 17 of the Complaint.

IV. **CLAIM OF FORFEITURE**

18. Claimant restates and realleges its responses to Paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. Claimant denies the allegations contained in Paragraph 19 of the Complaint, and respectfully refers this Court to the cited statutory references for an accurate recitation of their contents.

20. Claimant denies the allegations contained in Paragraph 20 of the Complaint, and respectfully refers this Court to the cited statutory references for an accurate recitation of their contents.

21. Claimant denies the allegations contained in Paragraph 21 of the Complaint, and respectfully refers this Court to the cited statutory references for an accurate recitation of their contents.

22. Claimant denies the allegations contained in Paragraph 22 of the Complaint, and respectfully refers this Court to the cited statutory references for an accurate recitation of their contents.

WHEREFORE, Claimant moves that the relief prayed for in Sections I through IV of the Government's claim be denied in their entirety; the Complaint for Forfeiture be dismissed with prejudice; and for all attorney's fees, pursuant to 28 U.S.C. §2465(b), costs, and other relief that the Claimant may be entitled.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to comply with the Requirements of Supplemental Rule G(2)(c)

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to establish probable cause to believe the subject property is forfeitable pursuant to 18 U.S.C. §981 (a)(1)(c).

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to commence the within action within the time period provided by law.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery based upon the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from obtaining forfeiture relief as requested insofar as Plaintiff has violated Claimant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution in that the searches and seizures giving rise to this complaint were unreasonable and unlawful.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's claim for forfeiture is barred by the Eighth Amendment to the United States Constitution prohibitive against excessive fines and punishments.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims for forfeiture is barred by the *Ex Post Facto* clause of the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Pursuant to 18 U.S.C. § 983(d), Claimant is an innocent owner of the property, and it is not subject to forfeiture.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff is barred from obtaining forfeiture relief as requested insofar as Plaintiff has violated Claimant's rights under 18 U.S.C. §§ 2515, 2516, and 2518, in that the searches and seizures giving rise to this Complaint were obtained in violation of Title III and unlawful.

WHEREFORE, the Claimant demands trial by jury on all issues.

Respectfully submitted,

By: /s/ Ernest Edward Badway, Esq. _____
 Ernest Edward Badway
 BBO #562641
 Fox Rothschild LLP
 101 Park Avenue, Suite 1700
 New York, New York 10178
 Telephone: (212) 878-7986
 Facsimile: (212) 692-0940
 Email: ebadway@foxrothschild.com

# **CERTIFICATE OF SERVICE**

      I, Ernest Edward Badway, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to Assistant United States Attorney Carol E. Head, United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210; and Adam Hornstine, Esq., Assistant Attorney General, Government Bureau/Trial Division, Office of Attorney General Maura Healey, One Ashburton Place, Boston, MA 02108, this 25th day of August 2019.

                                              /s Ernest Edward Badway
                                              Ernest Edward Badway