# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 19-11121-JGD

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LETTER FROM ALEXANDER HAMILTON )<br>TO THE MARQUIS DE LAFAYETTE )<br>DATED JULY 21, 1780, )<br>)<br>Defendant. )<br>) | |

**CLAIMANT'S ANSWERS TO PLAINTIFF'S SPECIAL INTERROGATORIES:**

Now comes claimant, the Estate of Stewart R. Crane ("Claimant"), by and through counsel, Fox Rothschild LLP, and hereby submits its objections and responses to plaintiff United States of America's ("Plaintiff") Special Interrogatories to Claimant, dated August 30, 2019 ("Interrogatories"), as follows:

**GENERAL OBJECTIONS**

1.      Claimant objects to the Interrogatories to the extent that they seek to impose obligations in excess of those obligations imposed by the Federal Rules of Civil Procedure ("FRCP").

2.      Claimant objects to the Interrogatories insofar as they seek information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege and/or immunity. Claimant will produce a privilege log for all such documents created prior to the filing of the Complaint in this matter. Inadvertent production of such information shall not waive any privilege or protection.

1

3. Claimant objects to the Interrogatories insofar as they seek documents already requested and produced.

4. Claimant objects to the Interrogatories insofar as they seek information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

5. Claimant objects to the Interrogatories insofar as they seek information which requires Claimant to speculate or provide information that is not in its possession, custody, or control.

6. Claimant objects to the Interrogatories insofar as they are overly broad, burdensome, harassing, vague, and/or ambiguous.

7. Claimant objects to the Interrogatories insofar as they seek documents already in the possession of the Plaintiff or equally available to the Plaintiff.

8. Claimant objects to the Interrogatories insofar as they fail to contain a reasonable restriction or limitation regarding time, location or scope and to the extent that these Interrogatories are not limited to legitimate causes or defenses.

9. Claimant objects to the Interrogatories insofar as they seek information protected from disclosure on the grounds that the documents sought are confidential or proprietary business information of Claimant and/or affiliated persons or entities.  Claimant will only produce documents containing confidential or proprietary business information pursuant to a confidentiality agreement.

10. Claimant objects to the Interrogatories to the extent that they seek information that is redundant, duplicative, and/or call for the disclosure of cumulative information.

11. Nothing in these answers to Interrogatories shall be construed as a waiver of any right or objection that otherwise might be available to Claimant.  The answers herein shall not be

deemed to be any admission of the relevancy, materiality, or admissibility in evidence of the Interrogatories or Claimant's responses to them. Claimant's answers herein are based upon investigation and discovery undertaken as of the date hereof, and its investigation and discovery is ongoing.

12. Claimant reserves the right to supplement, modify, or amend its answers at any time before trial.

13. The answers herein are provided solely for purposes of, and in relation to, this action.

14. Each answer is given subject to each of the foregoing general objections. All such objections and grounds therefore are reserved and may be interposed at the time of trial. Asserting a specific objection in response to any discovery request does not waive Claimant's right to assert any applicable general objection to that request.

**SPECIAL INTERROGATORY NO. 1:**

Describe, in detail, the role, duties, obligations and responsibilities of the Personal Representative, Aldrich L. Boss, the date and full circumstances of his appointment as the Personal Representative, and identify any documents concerning the appointment of the Personal Representative with specificity, including the name, address and telephone number of its custodian.

Answer: Claimant objects to the Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Claimant additionally objects to the Interrogatory on the grounds that the Interrogatory calls for a legal conclusion that is solely within the province of the court and the jury to determine. Without waiving these objections, the role, duties, obligations and responsibilities of Aldrich Boss as Personal Representative for the Estate of Stewart R. Crane are

3

set forth in the Last Will and Testament of Stewart R. Crane dated March 16, 2004 (as amended by that certain First Codicil to Last Will and Testament of Stewart R. Crane dated May 31, 2016, the "Will") and the South Carolina Probate Code (the "Probate Code"), and Claimant craves reference to the Will and Probate Code for a complete and substantive description of such role, duties, obligations and responsibilities. A copy of the Certificate of Appointment on file with the South Carolina Probate Court (Greenville County) under Case Number 2019ES2300103 is attached in further response to this Special Interrogatory No. 1. The Will is likewise on file with the South Carolina Probate Court (Greenville County).

**SPECIAL INTERROGATORY NO. 2:**

Identify the circumstances of the probate of the Estate of Stewart R. Crane, including the dates, court and location of any probate proceedings, the name(s) of the executor(s) or personal representative(s), and any records or documents filed in such probate proceedings that concern the Letter from Alexander Hamilton to the Marquis De Lafayette dated July 21, 1780, seized from the Potomack Company on December 19, 2018 (hereinafter the "Hamilton Letter") with specificity, including the name, address and telephone number of its custodian.

Answer: Claimant objects to the Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Claimant additionally objects to the Interrogatory on the grounds that the Interrogatory calls for a legal conclusion that is solely within the province of the court and the jury to determine. Without waiving these objections, Stewart R. Crane passed away on December 21, 2018. His estate was submitted to probate in Greenville County, South Carolina as Case Number 2019ES2300103. The Co-Personal Representatives are Alrdrich Boss and Joanne R. Crane, as evidenced by the Certificate of Appointment filed under such Case Number. The Hamilton Letter and similar historical documents of Stewart R. Crane are inventoried as assets of

his estate as reflected on the final inventory of estate assets, which is produced herewith or hereafter. Claimant is aware of no other probate documents relating to the Hamilton Letter.

**SPECIAL INTERROGATORY NO. 3:**

State with particularity the nature of the Claimant's current interest in all or any portion of the Hamilton Letter, and the full circumstances under which that interest arose.

Answer: Claimant objects to the Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Claimant additionally objects to the Interrogatory on the grounds that the Interrogatory calls for a legal conclusion that is solely within the province of the court and the jury to determine. Without waiving these objections, Claimant submits, upon information and belief, that Raymond E. Crane (hereinafter, R. E. Crane) purchased for fair market value the Hamilton Letter from John Heise Autographs (Elmer V. Heise) a reputable dealer in rare books and documents in the year 1945. R. E. Crane was a collector of historical documents. A portion of R. E. Crane's collection (including the Hamilton Letter) passed down to his last surviving son Robert F. Crane, Sr. In turn, Robert F. Crane, Sr., transferred the Hamilton Letter along with a number of other historical documents to Stewart R. Crane by inter vivos gift in the early 1980's. Simultaneously, the balance of Robert F. Crane, Sr.'s collection was gifted to Stewart's brother, Robert F. Crane, Jr. An exact date of the gifts is not known/recollected, but the Declaration of Robert F. Crane, Jr. is attached hereto in response to this Special Interrogatory No. 3. Subsequently, on November 2, 2018, Stewart R. Crane (through his agent and attorney William B. Swent) contracted with The Potomack Company for sale of his historical documents collection. The United States District Court for the Eastern District of Virginia issued a Warrant of Seizure on December 19, 2018, and under authority of such Warrant, Special Agent for the Federal Bureau of Investigation, Marc Hess, took possession of the Hamilton Letter on that same day. On

5

December 21, 2018, Stewart R. Crane passed away, and as such, his interest in the Hamilton Letter devolved to Claimant. As of the date of these responses, administration of the Estate of Stewart R. Crane continues (with no final Receipts and Releases having yet issued). As such, the legal right, title and interest of Stewart R. Crane (as successor to, and assignee of, R. E. Crane, a bona-fide purchaser for value and without prior knowledge of facts or circumstances leading to forfeiture) in and to the Hamilton Letter is presently vested in Claimant.

**SPECIAL INTERROGATORY NO. 4:**

List any fact establishing that the Claimant is the owner of the Hamilton Letter.

Answer: See response to Special Interrogatory No. 3.

**SPECIAL INTERROGATORY NO. 5:**

Identify the source from which the Claimant claims that the Hamilton Letter was obtained, including the exact transactions and chain of custody. Your answer should also include: the date the Claimant purchased or obtained the Hamilton Letter, the value the Claimant paid for the Hamilton Letter, and from whom (name, address and telephone number) the Claimant obtained the Hamilton Letter, the reason why the Claimant obtained the Hamilton Letter, and where the Claimant obtained the Hamilton Letter, as well as the location of the Hamilton Letter from the date that Claimant obtained it until December 2018. If any portion of the Hamilton Letter was purchased by the Claimant using a check or money order, list the payer and payee of the check(s) or money order, the amount thereof, and the approximate date thereof. Identify each witness (by name, address and telephone number) and each document with specificity (and the name, address and telephone number of the custodian of the document) that supports your answer as to how the Claimant obtained the Hamilton Letter.

Answer: See response to Special Interrogatory No. 3. Also, as indicated by a post-marked envelope from John Heise Autographs (Elmer V. Heise), which envelope has consistently been

6

maintained with the Hamilton Letter, Claimant declares, on information and belief, that R. E. Crane purchased the Hamilton Letter in the year 1945. Claimant further submits that the Hamilton Letter was initially delivered to R. E. Crane at his business address in Ford City, Pennsylvania. R. E. Crane subsequently moved his residence to Florida, where he resided in Miami Beach. Robert F. Crane, Sr. likewise maintained his residence in Florida (Miami Beach and Winter Park). Stewart Crane lived in Winter Park, FL; Dallas, TX; Atlanta, GA and finally passed away as a resident of Greenville, SC.

**SPECIAL INTERROGATORY NO. 6:**

Describe the full circumstances concerning the Claimant's contention in its Answer that the Hamilton Letter "was purchased by R. E. Crane from Mr. Elmer Heise, and upon, Mr. Crane's death, went to his heirs." Your answer should also include: the date R. E. Crane purchased the Hamilton Letter, the value R. E. Crane paid for the Hamilton Letter, and from whom (name, address and telephone number) R. E. Crane obtained the Hamilton Letter, the reason why R. E. Crane obtained the Hamilton Letter, and where R. E. Crane obtained the Hamilton Letter, as well as the location of the Hamilton Letter from the date that R. E. Crane obtained it until the Claimant obtained an interest in the Hamilton Letter. If any portion of the Hamilton Letter was purchased by R. E. Crane using a check or money order, list the payer and payee of the check(s) or money order, the amount thereof, and the approximate date thereof. Your answer should further include: the date the Hamilton Letter "went to his heirs," the identities of the heirs or heir whom you contend inherited the Hamilton Letter, and the location of the Hamilton Letter when it "went to his heirs." Identify each witness (by name, address and telephone number) and each document with specificity (and the name, address and telephone number of the custodian of the document) that supports your answer as to how R. E. Crane obtained the Hamilton Letter and how it "went to his heirs."

Answer: See Answers to Special Interrogatories 1 through 5. Additionally, Claimant submits that R. E. Crane was a collector and investor in historical documents. Claimant submits that R. E. Crane's document collection was maintained at his personal residence. Likewise, Robert F. Crane, Sr. maintained the Hamilton Letter at his personal residence, and Stewart R. Crane maintained the Hamilton Letter in plain view, in a frame, on the wall in his personal residence in Winter Park, Florida for many years, until such residence was sold in June of 2015. After the sale of his home in Florida, Stewart moved to Highlands, North Carolina, and then to Greenville, South Carolina. During his tenure as a resident in North and South Carolina, the Hamilton Letter was stored in Stewart R. Crane's household files.

**SPECIAL INTERROGATORY NO. 7:**

Identify the circumstances of the probate of the Estate of R.E. Crane, including the dates, court and location of any probate proceedings, the name(s) of the executor(s) or personal representative(s), and any records or documents filed in such probate proceedings that concern the Hamilton Letter with specificity, including the name, address and telephone number of its custodian.

Answer: Claimant objects to the Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Claimant additionally objects to the Interrogatory on the grounds that the Interrogatory calls for a legal conclusion that is solely within the province of the court and the jury to determine. Without waiving these objections, Claimant submits that R. E. Crane passed away as a resident of Miami Beach, Florida. Claimant is not aware of any R. E. Crane probate proceedings that concern the Hamilton Letter, but to the extent there are such probate records, they are publicly available.

**SPECIAL INTERROGATORY NO. 8:**

Describe the circumstances under which the Claimant consigned, or caused to be consigned the Hamilton Letter for auction or sale by the Potomack Company. If the Claimant did not consign the Hamilton Letter for auction or sale, identify by name, address and telephone numbers the person(s) who did consign the Hamilton Letter for auction or sale. Identify any documents concerning the consignment of the Hamilton Letter with specificity, including the name, address and telephone number of its custodian.

Answer: Claimant objects to the Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Claimant additionally objects to the Interrogatory on the grounds that the Interrogatory calls for a legal conclusion that is solely within the province of the court and the jury to determine. Without waiving these objections, William Swent, an attorney with the firm Fox Rothschild LLP assisted the Claimant with contracting for consignment of the Hamilton Letter and other items for sale by the Potomack Company. The contract for consignment is best evidence of this undertaking. A copy of the contract for consignment is attached.

**SPECIAL INTERROGATORY NO. 9:**

If you have any records, documents, or tangible items that reflect or are relevant to the Claimant's claimed interest in the Hamilton Letter or the Claimant's claim to the Hamilton Letter, identify each record, document or other tangible item with specificity, including the name, address and telephone number of its custodian.

Answer: See prior responses.

**SPECIAL INTERROGATORY NO. 10:**

State the names, current addresses and telephone numbers of all persons known or believed by you to have knowledge of or information pertaining to the Claimant's claimed interest in the

9

Hamilton Letter, and summarize what information you believe they have pertaining to the Claimant's interest in the Hamilton Letter.

Answer: Claimant objects to the Interrogatory on the grounds that it is premature because Claimant has not yet determined all of the persons and/or entities that will or may provide evidence concerning or otherwise supporting any of the allegations in the Complaint.  Without waiving this objection, Claimant submits the following persons list:

1. Aldrich Boss, Co-Personal Representative of the SRC Estate with knowledge described above.

[Address:                             Johns Island, SC 29455/Phone:                    ];

2. William Swent, attorney for SRC Estate with knowledge described above.

[Address:                                    Greenville, SC 29601/Phone:                 ];

3. Robert F. Crane, Jr. with knowledge described above and in his Declaration.

[Address:                            Alachua, FL 32615/Phone:                  ;

4. Joanne R. Crane with knowledge described above.

[Address:                  Greenville, SC 29605/Phone:                ];

5. Elizabeth Crane Swent with knowledge described above.

[Address:                        Greenville, SC 29605/Phone:                   ];

6. Anne-Stewart Crane Boss with knowledge described above.

[Address:                           Johns Island, SC 29455/Phone:                 ];

7. Todd Sigety, certified appraiser with valuation knowledge in respect of the Hamilton Letter.

[Address: 425 South Washington Street, Alexandria, VA 22314/Phone: 703-836-1020]; and

8. Elizabeth Haynie Wainstein of The Potomac Auction Company, with knowledge described above.

[Address: 1120 North Fairfax Street, Alexandria, VA 22314/Phone: 703-684-4550]

**SPECIAL INTERROGATORY NO. 11:**

State in detail whether you believe any other person or entity has an interest in the Hamilton Letter and the basis therefor. Your response to this interrogatory should include, but not be limited to, the name, address, telephone number of every individual or entity who may have an in interest in the Hamilton Letter, and a specific description of their interest, especially as it relates to the interest the Claimant may have.

Answer: Claimant objects to the Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Claimant additionally objects to the Interrogatory on the grounds that the Interrogatory calls for a legal conclusion that is solely within the province of the court and the jury to determine. Without waiving these objections, Claimant submits that it is the singular holder of any lawful interest in the Hamilton Letter, as successor in interest to R. E. Crane, a bona-fide, innocent purchaser for value and without knowledge of facts of circumstances giving rise to the subject forfeiture.

       Respectfully submitted,

       By: /s/ Ernest Edward Badway, Esq.
          Ernest Edward Badway
          BBO #562641
          Fox Rothschild LLP
          101 Park Avenue, Suite 1700
          New York, New York 10178
          Telephone: (212) 878-7986
          Facsimile: (212) 692-0940
          Email: ebadway@foxrothschild.com

**CERTIFICATE OF SERVICE**

    I, Ernest Edward Badway, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to Assistant United States Attorney Carol E. Head, United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, MA 02210; and Adam Hornstine, Esq., Assistant Attorney General, Government Bureau/Trial Division, Office of Attorney General Maura Healey, One Ashburton Place, Boston, MA 02108, this 27th day of September 2019.

                                       /s Ernest Edward Badway
                                       Ernest Edward Badway