UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>    v.<br><br>LETTER FROM ALEXANDER HAMILTON<br>TO THE MARQUIS DE LAFAYETTE DATED<br>JULY 21, 1780<br>            Defendant.<br><br>ALDRICH L. BOSS, as Personal Representative for<br>the ESTATE OF STEWART R. CRANE,<br><br>and<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>acting by and through THE MASSACHUSETTS<br>ARCHIVES,<br>            Claimants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 19-11121-JGD |

## JOINT MOTION FOR ENTRY OF FINAL JUDGMENT

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, and Claimant, the Commonwealth of Massachusetts, acting by and through the Massachusetts Archives (the "Commonwealth"), by its attorney, Maura Healey, Attorney General for the Commonwealth of Massachusetts, hereby move this Court to enter final judgment pursuant to Federal Rules of Civil Procedure 54 and 58 in the form submitted herewith, ordering that (1) the claim of the Commonwealth to Letter from Alexander Hamilton to the Marquis De Lafayette, dated July 21, 1780 (the "Letter") is recognized; (2) the claim of Aldrich L. Boss, as personal representative for the Estate of Stewart R. Crane (the "Estate"), having been previously stricken by the Court, and no other person or entity having filed a claim, and the time for such filing has expired, the claim of the Estate and all other claims are in default and dismissed; and (3) directing the United States Marshals Service and the Federal Bureau of Investigation to release the Letter to the Commonwealth.

As reason therefore, the United States and the Commonwealth state:

1. On May 15, 2019, the United States filed a Verified Complaint for Forfeiture *In Rem* against the Letter from Alexander Hamilton to the Marquis De Lafayette, dated July 21, 1780, pursuant to 18 U.S.C. § 981(a)(1)(C). Docket No. 1. The Complaint alleged that only the Commonwealth can lawfully own original documents from its collection dated before 1870, including the Letter. *Id.* at ¶ 13.

2. On June 19, 2020, all parties notified the court of their consent to the Magistrate Judge's jurisdiction. Docket No. 9.

3. As required by Rule G(4)(a) and (b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice of the civil forfeiture action was sent to known potential claimants and was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on May 18, 2019, and ending on June 16, 2019. Docket Nos. 6, 10.

4. On August 23, 2019, the Commonwealth filed a verified claim, signed under penalties of perjury by Rebecca Murray, the Supervisor of Public Records for the Commonwealth. In its claim, the Commonwealth asserted that under Massachusetts state law, only the Commonwealth can lawfully own original documents from its collection from the period before 1870, including the Letter. Accordingly, the Commonwealth stated that it is the sole rightful owner of the Letter. *See* Docket No. 14.

5. On August 25, 2019, Aldrich L. Boss, in his capacity as Personal Representative for the Estate of Stewart R. Crane (the "Estate"), filed a notice of claim and verified statement of interest, claiming ownership of the Letter. Docket No. 15.

6. No other claims of interest to the Letter have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

7.   On November 5, 2019, the United States moved to strike the claim of the Estate for lack of standing, asserting, *inter alia*, that the Letter is a Massachusetts public record that only the Commonwealth can own.  Docket Nos. 24, 25.  The Estate opposed the motion to strike and cross moved to dismiss the complaint.  Docket Nos 28, 29.  The United States opposed the Estate's motion to dismiss the complaint.  Docket No. 31.  The Commonwealth filed a memorandum in support of the United States' motion to strike the Estate's claim.  Docket No. 34.

8.   After a hearing, the Court issued a Memorandum and Order, dated October 28, 2020, striking the Estate's claim, and denying the Estate's motion to dismiss as moot.  Docket No. 38.  In that Memorandum and Order, the Court held that, as a matter of law, the Letter is a public record under Massachusetts law, and further, "that the Commonwealth is the only entity that can own the Letter." *Id.* at 10; *see also id.* at 16-20 (citing the Massachusetts Public Records of Act of 1897, 1897 Mass. Acts c. 349 and M.G.L. c. 66).

9.   Because, as a matter of law, the Commonwealth is the only entity that can own the Letter, the United States recognizes the claim of the Commonwealth to the Letter.

WHEREFORE, the United States and the Commonwealth hereby move for an order and entry of final judgment recognizing the claim of the Commonwealth of Massachusetts to the Letter from Alexander Hamilton to the Marquis De Lafayette, dated July 21, 1780; as the Estate's claim having been previously stricken, and as no other claims having been filed, holding in default and dismissing the claim of the Estate and all other parties having any right title or interest in the Letter; and directing the United States Marshals Service and the Federal Bureau of Investigation to release the Letter to the Commonwealth.  The United States and the Commonwealth each agree to bear their own attorney's fees and costs.

Respectfully submitted,

| | |
|---|---|
| MAURA HEALEY,<br>Attorney General, | ANDREW E. LELLING,<br>United States Attorney, |
| By:  */s/ Adam Hornstine*<br>ADAM HORNSTINE<br>Assistant Attorney General<br>Government Bureau/Trial Division<br>One Ashburton Place, Room 1813<br>Boston, MA 02108<br>(617) 963-2200, Ext. 2048<br>Adam.Hornstine@mass.gov | By:  */s/ Carol E. Head*<br>CAROL E. HEAD<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>carol.head@usdoj.gov |

November 17, 2020